**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTORIA S. BARNES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-2164** |
| | : | |
| **DEPARTMENT** | : | |
| **OF THE TREASURY, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**BEETLESTONE, J.** **MAY 19, 2025**

Plaintiff Victoria S. Barnes initiated this *pro se* civil action seeking to recover an income tax refund. Barnes also filed an application for leave to proceed *in forma pauperis*. For the reasons that follow, the Court will grant Barnes leave to proceed *in forma pauperis* and dismiss her Complaint for lack of jurisdiction.

## I. FACTUAL ALLEGATIONS[1]

Barnes claims that she received notice from the Internal Revenue Service in 2023 that her 2016 tax return had not been filed and "it needed to be filed asap to avoid levy of wages & property so I filed it late." (Compl. at 4, 5.) She alleges she was unaware of the deficiency because she went through a divorce and the loss of a relative, and she suffers from anxiety and post-traumatic stress disorder. (*Id.*) Although she does not specify when she submitted the 2016 return, Barnes avers the IRS accepted her late return but sent her a notice stating, "because it was past the deadline if I want to receive the refund I had to go to the Court of Claims District Court in Pennsylvania." (*Id.*) Barnes asserts that the IRS allowed her to file tax returns after 2016, did

[1] The factual allegations are taken from Barnes's Complaint. The Court also considers for purposes of statutory screening the exhibits (ECF Nos. 7, 9, 10) that Barnes subsequently submitted and adopts the sequential pagination supplied by the CM/ECF docketing system to all *pro se* submissions.

not make her aware that her 2016 return was not filed until 2023, and "that started offsetting my refunds starting that year." (*Id.* at 5.) She claims that she takes medication "for [her] brain" which does not operate when she experiences "a series of traumatic events." (*Id.*) Barnes represents that she is currently suffering from financial hardship and her house is subject to foreclosure. (*Id.*) She reiterates that she should have been made aware of the "non-filing" of her 2016 tax return prior to 2023. (*Id.*)

Barnes attached to her Complaint an October 23, 2024 letter from the Department of the Treasury, Internal Revenue Service's Independent Office of Appeals regarding her claim for a refund for the tax period ended December 2016 in the amount of $15,308. (*See* ECF No. 1-1 at 1.) The letter states that the Appeals Office considered Barnes's "protest and the evidence and arguments" submitted in support thereof and concluded that the 2016 income tax return and refund claim were received on "May 19, 222 [sic], which is beyond the extended 3-year timeframe due date of April 15, 2020." (*Id.*) The Appeals Office also stated that it could not "consider the timeliness of the claim and the 2016 tax return filed." (*Id.*) Barnes was advised that if she wanted to bring suit for the recovery of any tax, penalties, or other moneys, she could file suit in the United States District Court having jurisdiction or the United States Court of Federal Claims. (*Id.*) She was further advised that she "must do this within two years from the date on the letter denying" her claim, which was mailed to Barnes on January 4, 2024, and that the two-year period was not shortened or extended by the reconsideration of her claim by the Appeals Office. (*Id.*) The letter also states that suits for additional overpayment interest must be filed in accordance with 28 U.S.C. §§ 2401, 2501. (*Id.*) Barnes also attached to her Complaint a copy of her Form W-2 Wage and Tax Statement for the tax period ending December 2016, as well as 2016 Pennsylvania and federal tax returns. (*Id.* at 2-4; ECF Nos. 9, 10.) As relief, Barnes seeks the refund she alleges is owed to her. (*See* Compl. at 5.)

## II. STANDARD OF REVIEW

The Court will grant Barnes leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Barnes is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v.*

*Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. DISCUSSION

The Complaint is best construed as asserting a claim for a tax refund pursuant to § 7422 of the Internal Revenue Code. *See* 26 U.S.C. § 7422. As an initial matter, the Court notes that while Barnes named as Defendant the Department of the Treasury, the Internal Revenue Service Independent Office of Appeals (*see* Compl. at 1-2), the proper defendant in a suit asserting entitlement to a tax refund is the United States. *See* 26 U.S.C. § 7422(a) & (f)(1); *Wiggins v. Jefferson Einstein Hosp.*, No. 24-2095, 2024 WL 5074894, at *2 (3d Cir. Dec. 11, 2024) (*per curiam*) (noting that a taxpayer seeking a refund pursuant to § 7422 must "file a claim for refund or credit with the IRS and then, if necessary, to sue the United States").

"It is black letter law that the United States cannot be sued without the consent of Congress." *Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 345 (3d Cir. 2000) (cleaned up) (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983)). The United States

waives its sovereign immunity for tax refund lawsuits if the taxpayer has complied with certain statutory and regulatory requirements. *See* 26 U.S.C. § 7422(a). "[F]iling a claim within the statutorily-mandated limitations period is a condition of the waiver of the sovereign immunity of the United States, and failure timely to file deprives the court of jurisdiction over the claim." *Polk v. United States*, 167 Fed. Cl. 731, 760-61 (Fed. Cl. 2023) (citing *United States v. Dalm*, 494 U.S. 596, 608-10 (1990)). Upon review of the Complaint in its entirety and construing Barnes's allegations liberally, the Court lacks jurisdiction to hear her claim because Barnes's 2016 return was not filed within the time frames established by the Internal Revenue Code.

The United States Court of Appeals for the Ninth Circuit recently explained the time limits for seeking refunds under the tax code as follows:

> When taxpayers seek a tax credit or refund from the IRS, they must comply with two interrelated time limitation provisions — the "limitation period" and the "look back period," both of which are jurisdictional. *Zeier v. IRS*, 80 F.3d 1360, 1363-64 (9th Cir. 1996) (holding that the requirements in 26 U.S.C. § 6511(a), (b) are jurisdictional).
>
> The taxpayer must first comply with what we will call the "limitation period" requirement, which sets a deadline by which the taxpayer must make a refund claim. The limitation period is like a statute of limitation: if a taxpayer does not file a claim within the prescribed time frame, he cannot receive any refund — period.
>
> The relevant provision setting the period of limitation on filing a claim — found in 26 U.S.C. § 6511(a) — reads as follows:
>
> > [A refund claim] shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.
>
> The statute then provides that no "refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a)." 26 U.S.C. § 6511(b)(1). "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 5, 128 S. Ct. 1511, 170 L. Ed. 2d 392

(2008) (quoting *United States v. Dalm*, 494 U.S. 596, 602, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990)).

But which limitation period applies is a bit more complicated, as § 6511(a) sets out different scenarios:

> (1) If the taxpayer files a tax return, the statute is more lenient. The taxpayer can either file the refund claim within **three years** from the time **that their return was filed** or within **two years** from the time that the **taxes were paid**, whichever is more forgiving to the taxpayer.
> (2) If the taxpayer failed to file a return, then the refund claim must be filed within **two years** from the time that the **taxes were paid**.

But this "limitation period" is just the first hurdle a taxpayer must jump through to sue for a refund. Even if a taxpayer makes a timely refund claim, the amount he receives will depend on § 6511(b)(2)'s applicable "look-back" provision. Section 6511(b)(2) — titled "Limit on amount of credit or refund" — limits a taxpayer's ability to reach back into the past to claim a refund of tax overpayments. For example, a taxpayer may have timely submitted a refund claim, but he may receive only a portion — or even none — of the overpayment amount if, for instance, the overpayment occurred beyond the look-back period.

Section 6511(b)(2) provides two potentially applicable look-back periods that reference and rely on the time periods set forth in § 6511(a)'s limitation period provision:

> (1) If a taxpayer filed a return and then submitted a refund claim within § 6511(a)'s three-year period, "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to **3 years plus the period of any extension of time for filing the return**." 26 U.S.C. § 6511(b)(2)(A) (emphasis added).
> (2) If a refund claim was not made within the three years after the filing of a return — because either no return was filed or because § 6511(a)'s first two-year limitation period is more forgiving than its three-year limitation period — "the amount of the credit or refund shall not exceed the portion of the tax paid during the **2 years** immediately preceding the filing of the claim." 26 U.S.C. § 6511(b)(2)(B) (emphasis added).

The look-back period of § 6511(b)(2) thus depends on which limitation period applies under § 6511(a). If the three-year limitation period applies, then the look-back period is also three years, plus the period of any extension that was granted for filing the return. If the three-year limitation period does not apply, then the look-back period is two years.

> In short, both the limitation period and the look-back period are shorter and less generous for taxpayers who do not timely file their tax returns. Congress apparently justified this scheme to favor those who file tax returns, given that our "tax system [is] based on self-reporting." *United States v. Clarke*, 573 U.S. 248, 254, 134 S. Ct. 2361, 189 L. Ed. 2d 330 (2014).

*Libitzky v. United States*, 110 F.4th 1166, 1171-72 (9th Cir. 2024) (emphasis in original).

It appears that Barnes's 2016 tax return is her formal claim for a tax refund. (*See* ECF No. 1-1 at 1 ("We considered your protest and the evidence and arguments submitted in support of the above claim for a refund of $15,308.00, for the tax year 2016. The 2016 tax return and claim filed has been determined to be received on May 19, 222 [sic] . . . .")); *see generally* 26 C.F.R. § 301.6402-3(a)(1) ("In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return."). Because Barnes's 2016 tax return is her formal claim for a tax refund, it was timely filed within three years of the tax return being filed for purposes of § 6511(a), as they were filed on the same day. *See Libitzky*, 110 F.4th at 1173 (treating filing of tax return as formal claim for tax refund and finding, consequently, that the formal claim and tax refund were filed simultaneously, and, therefore, timely for purposes of § 6511(a)). However, the look-back period of § 6511(b)(2) limits the amount of recovery even though the refund request is timely under § 6511(a). *See id.* at 1168 ("But the tax code imposes yet another limitation for tax refunds — a look-back period that limits the amount of recovery, even if the refund request was timely filed." (citing 26 U.S.C. § 6511(b)(2)). In other words, because the tax return and claim for tax refund were filed simultaneously, the look-back period governs the timeliness of the claim as well as the Court's jurisdiction.

Under the look-back provision of § 6511(b)(2), Barnes's refund is limited to the amount she paid in the three years before she filed her refund claim. The Court understands Barnes to allege that the overpayment of tax occurred from wage withholdings because she attached to the

Complaint her 2016 Form W-2 Wage and Tax Statement. (*See* ECF No. 1-1 at 2-4.) Based on that allegation, the overpayment is deemed to have occurred on April 18, 2017.[2] *See* 26 U.S.C. § 6513(b)(2); *Baral v. United States*, 528 U.S. 431, 435-39 (2000) (explaining that the date of payment is determined according to the provisions of § 6513, which set a deemed date of payment for remittances of withholding and estimated income tax on the April 15 following the relevant taxable year); *Hamilton v. United States*, No. 24-4491, 2025 WL 915881, at *4 (N.D. Cal. Mar. 26, 2025) (noting taxes withheld during the 2017 tax year were deemed paid on the date the tax return for the 2017 tax year was due, April 15, 2018) (citations omitted). Thus, even using the more favorable May 19, 2022 filing date reflected in the Appeals Office's letter (as opposed to a 2023 date alleged by Barnes), Barnes's 2016 tax was paid outside the three-year look-back. This remains true even though the normal April 15, 2020 deadline to claim a refund for 2016 tax returns was extended to July 15, 2020, due to the Covid-19 pandemic. *See* Internal Revenue Service Notice 2020-23, available at https://www.irs.gov/pub/irs-drop/n-20-23.pdf (last visited May 15, 2025). Accordingly, Barnes cannot recover any of her tax overpayment and this Court lacks jurisdiction over this matter.[3]

[2] 2016 tax returns were due on April 18, 2017 because April 15, 2017 fell on a Saturday and Monday, April 17, 2017 was a holiday in the District of Columbia. *See* 26 U.S.C § 7503; *see also* https://www.irs.gov/pub/irs-news/ir-17-006.pdf (last visited May 15, 2025).

[3] Barnes suggests that the IRS should have informed her sooner that she failed to file her 2016 taxes and that "due to [her] disability" for which she currently takes medication, her "brain doesn't operate when [she] go[es] through a series of traumatic events." (*See* Compl. at 5.) It bears noting that equitable tolling does not apply to § 6511. *Thorpe v. Dep't of Treasury Internal Revenue Serv.*, 777 F. App'x 580-81 (3d Cir. 2019) (*per curiam*); *Shearin v. United States*, 193 F. App'x 135, 137 (3d Cir. 2006) (*per curiam*) (citing *United States v. Brockamp*, 519 U.S. 347, 354 (1997) ("Congress did not intend the "equitable tolling" doctrine to apply to § 6511's time limitations."); *Doe v. KPMG, LLP*, 398 F.3d 686, 689 (5th Cir. 2005) (confirming the continued force of *Brockamp* after enactment of § 6511(h))); *see also Becton Dickinson*, 215 F.3d at 347-48 (discussing *Brockamp*'s holding that the time limitation in § 6511 could not be tolled).

## IV. CONCLUSION

For the above reasons, the Court will grant Barnes leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of jurisdiction. Leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). A dismissal Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, J.**

---

Further, nothing in the Complaint suggests that Barnes has satisfied the strict requirements of § 6511(h) which provides for tolling based on financial disability. Section 6511(h) provides in relevant part that the running of the limitation and look-back periods set forth in §§ 6511(a) and (b) "shall be suspended during any period of such individual's life that such individual is financially disabled." 26 U.S.C. § 6511(h). "[T]to establish financial disability under § 6511(h), the taxpayer must submit two documents to the IRS with the taxpayer's claim for tax refund." *Hamilton*, 2025 WL 915881, at *4 (citing IRS Rev. Proc. 99-21 § 4; *Barbeau v. IRS*, No. 21-8544, 2022 WL 3588420, at *2 (C.D. Cal. July 19, 2022)). First the taxpayer must submit a written certification by a physician as to the disability. *See id.* Second, the taxpayer must submit a written statement that no other person was authorized to act on behalf of the taxpayer in financial matters during the period in which the taxpayer was financially disabled. *See id.* While Barnes alleges that she is disabled and "currently take[s] medicine for [her] brain," it appears that Barnes has been able to deal with her financial affairs because she represents in her Complaint that she filed her taxes "for every year after 2016." (*See* Compl. at 5.) In any event, nothing in the Complaint suggests that Barnes complied with the statutory requirements of submitting to the IRS a physician certification and statement of her own along with her claim for tax refund. *See Abston v. Comm'r*, 691 F.3d 992, 995 (8th Cir. 2012) ("The limited waiver of sovereign immunity in § 6511(h) does not grant district courts power to decide *de novo* that a taxpayer was financially disabled."); *see also Chan v. Commissioner*, 693 F. App'x 752, 756 (10th Cir. 2017) ("[T]he district court cannot make a determination of financial disability if [the taxpayer] did not first provide the requisite proof to the IRS."); *Thorpe v. Dep't of the Treasury-Internal Revenue Serv.*, 2019 WL 1173024, at *4 (D.N.J. Mar. 12, 2019) (dismissing taxpayer refund claim for lack of jurisdiction where there was no indication that taxpayers presented a financial tolling claim to the IRS in the first instance), *aff'd*, 777 F. App'x 580 (3d Cir. 2019).